UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NO LIMIT CLOTHING, INC.

        Plaintiff,

v.                                                  Case No: 09-13574
                                                       Honorable Julian Abele Cook, Jr

ALLSTATE INSURANCE COMPANY,

        Defendant.

ORDER

This case involves a complaint by the Plaintiff, No Limit Clothing, Inc. ("No Limit"), which claimed that the Defendant, Allstate Insurance Company ("Allstate"), had breached the parties' insurance contract relating to the payment of benefits to an insured. This case, after being originally filed in the Wayne County Circuit Court of Michigan, was removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. Currently at issue is Allstate's motion for summary judgment.

I.

No Limit, a clothing store on East Eight Mile Road in Warren, Michigan, is owned by Mohamed Dib. During all times relevant to this proceeding, No Limit was insured under a commercial property policy that had been issued by Allstate. The insurance policy provided No Limit with protection from fire, theft, and other disasters. On November 8, 2007, a robbery was reported at the No Limit store. No Limit, after notifying Allstate of its loss on the same day, filed a proof of claim in which it sought the payment of $90,000 for its lost merchandise and $40,000 in

lost business income.

However, Allstate, after conducting its own independent investigation, concluded that Dib - acting on behalf of No Limit as its owner - had proffered false testimony and unsupportable documentation regarding the value of the stolen items. In a letter dated May 13, 2008, and addressed to the insured at its place of business, Allstate denied the insurance claim. However, No Limit submits that no such letter was ever received because the business was closed prior to the transmittal of the letter from Allstate. Thereafter, an identical letter - which bore the date of May 30, 2008 - was sent by Allstate to No Limit at Dib's home address, informing him of the insurer's rejection of the claim.

Believing that this rejection of its request for payment was without merit, No Limit initiated this lawsuit against Allstate on May 29, 2009, joining its claim with two other persons, Leon Brothers and Patricia Hart. In their complaint, these Plaintiffs collectively registered the following allegations against Allstate: (1) a breach of contract; (2) a fire loss insurance coverage breach (applicable only to Brothers and Hart); and (3) a violation of the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 et seq. In subsequent proceedings, (1) the Elliot-Larsen Civil Rights Act claim was dismissed (ECF No. 26), (2) two of the Plaintiffs (Brothers and Hart) were dismissed as party-litigants (ECF No. 42), and (3) No Limit's claims were dismissed to the extent that they were based on Allstate's alleged bad faith or asserted false defenses (ECF No. 44).

Allstate has now filed a motion for summary judgment, contending that the one-year limitation of actions provision within the parties' insurance contract had expired prior to the commencement of this lawsuit. Hence, Allstate argues that this lawsuit is now time-barred. However, No Limit rejects this argument, insisting that (1) the claimed one-year limitation period

is invalid and (2) even if it is not invalid, there is a genuine issue of a material fact regarding when the limitation period began to run.

II.

The purpose of Federal Rule of Civil Procedure 56 "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Therefore, the entry of a summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to demonstrate the absence of a genuine issue of a material fact. *Townes v. Cnty. of Wayne*, No. 09-10693, 2011 WL 1297166, at *3 (E.D. Mich. April 5, 2011) (citing *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, a court is obliged to examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in the light most favorable to the non-moving party. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991).

Inasmuch as this action was brought in a federal court on the basis of its diversity jurisdiction, the Court must apply the same substantive law that would be applied if the action were being decided by a court of the state where the federal court is located. *Equitable Life Assur. Soc'y. of U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998). Hence, the law of Michigan will be applied to

3

the substantive issues in this case. According to Michigan's statutory construction principles, courts are to construe statutes so as to reflect the intention of the Legislature. *Moore v. Secura Ins.*, 759 N.W.2d 833, 839 (Mich. 2008). Courts are urged to review the language of the pertinent statutes "and give the words used by the Legislature their common and ordinary meaning." *Id.*

III.

Allstate contends that the expiration of the one-year limitation period in which to commence this action - as specified in the parties' insurance contract - serves as a bar to No Limit's claims for the payment of benefits. Allstate, in referring to its denial letter of May 13, 2008, submits that the commencement of this lawsuit on May 29, 2009, is clearly outside of the one-year contractual limitation period. No Limit disagrees with this argument, contending that the deficiencies within the cited one-year limitation language render this entire provision void or voidable. Moreover, and under this circumstance, No Limit suggests that a two-to-six year limitation period should be applied to this contract dispute.

Addressing the standard that is applicable to all requests for summary judgment relief, there is no genuine issue of material fact as to the claimed deficiencies within the one-year limitation provision within the insurance policy. Both parties cite to Mich. Comp. Laws § 500.2833(1)(q) under the Michigan Insurance Code, which requires every fire insurance policy to contain the following provision:

> That an action under the policy may be commenced only after compliance with the policy requirements. An action must be commenced within 1 year after the loss or within the time period specified in the policy, whichever is longer. The time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability.

Although this is an action which is based on an alleged theft, the commercial property policy also insures No Limit from losses arising from a fire. Thus, the policy is thus bound by the above-cited Mich. Comp. Laws § 500.2833(1)(q), and must contain the provisions required by the statute.[1]

The one-year limitation provision in the No Limit-Allstate contract reads as follows:

> Persons insured agree not to take any legal action against us in connection with your policy unless you have first complied with all of its terms. Persons insured also

---

[1] Section 500.2833(1)(q) applies to insurance policies that do not exclusively cover losses arising from fire. Prior to the amendment of the statute in 1990, Michigan case law had held that a general insurance policy which contains a fire insurance provision, even though not considered to be a "fire insurance policy," is still limited by the twelve-month statute of limitations as stated in § 500.2832 (repealed 1990). See *Aldalali v. Underwriters at Lloyd's, London*, 435 N.W.2d 498 (Mich. Ct. App. 1989). In *Aldalali*, the plaintiff argued that since his insurance contract with the defendant was not exclusively a fire insurance policy, and the events which led to the alleged breach of the policy were unrelated to fire, the twelve-month statutory limitation was not applicable. The Michigan Court of Appeals rejected this argument, reasoning that "fire insurance contracts may include riders or endorsements which are subject to the standard policy provisions, including the twelve-month limitation period." *Id.* at 399.

Since the amendments, Michigan courts have held § 500.2833 to be binding on general insurance contracts which contain provisions for fire insurance. See, e.g., *Johnson v. Parker & Sons Roofing & Chimney, Inc.*, No. 271779, 2007 WL 549232 (Mich. Ct. App. Feb. 22, 2007) (§ 500.2833(1)(q) applies to breach of insurance policy claim resulting from loss due to mold); *Dillard v. Farm Bureau Ins. Co.*, No. 288134, 2010 WL 866150 (Mich. Ct. App. Mar. 11, 2010) (§ 500.2833 applies to a breach of insurance policy claim arising from vandalism and theft). As is evident, Michigan courts are not hesitant to apply § 500.2833 to cases where the insurance policy is not strictly a "fire insurance policy" and the loss was not caused by fire.

In the 2007 case of *Hunt Construction Group, Inc. v. Allianz Global Risks U.S. Insurance Company*, the Seventh Circuit Court of Appeals, applying Michigan law, discussed at great length the applicability of § 500.2833 to policies that do not exclusively cover fire. 503 F.3d 632 (7th Cir. 2007). The court ultimately concluded that it did not apply to the builders risk policy at issue, reasoning that the 1990 amendments freed insurers to tailor their policies to the particular needs of the insured. In its analysis, the court emphasized the differences between those policies that arose from inland marine insurance and those that arose from fire insurance. Inasmuch as *Hunt* involved an insurance policy that arose from the former and the current case involves an insurance policy arising from the latter, the facts are distinguishable. Furthermore, although *Hunt* is persuasive authority, it is not binding on this Court. Thus, and noting that neither Allstate nor No Limit have challenged the applicability of this statute, the Court will construe § 500.2833(1)(q) as being applicable to the theft coverage in the No Limit-Allstate insurance contract.

> agree to bring any action against us that relates to Coverage A within one year after a loss occurs.

(Def.'s Mot. for Summ. J., Ex. E at 41).

Significantly, the statutorily required language regarding tolling is missing from the Allstate insurance policy. However, there is a disagreement between the parties over the legal effect of the failure by an insurer to include statutorily mandated tolling language within its insurance contract. Each party has proffered a different opinion as to the holding of *Randolph v. State Farm Fire & Casualty Company*, 580 N.W.2d 903 (Mich. Ct. App. 1998), with each side contending that this decision by the Michigan Court of Appeals supports their view point on this narrow issue. Allstate submits that the failure of an insurer to include tolling language within a limitation provision does not render the provision void and unenforceable. No Limit disagrees.

In *Randolph,* the Michigan Court of Appeals held that the defendant's limitation provision in its insurance contract was "absolutely void" because it did not contain the mandatory tolling provision language. *Id.* at 905. Hence, it is evident from a reading of the *Randolph* decision - and contrary to Allstate's stated position - that its one year limitation provision without tolling is void and cannot be enforced.

In the absence of a contractual limitation period, the issue then arises as to what the proper limitation period is. The *Randolph* court decided this precise issue, concluding that the limitation provision found in § 500.2833(1)(q) must be read into the insurance policy. Therefore, an action on the policy must be commenced within one year, with tolling, and the general six-year statute of limitations for contracts is inapplicable. *Randolph*, 580 N.W.2d at 905. The appellate court reasoned that the plain language of § 500.2833(1)(q) clearly demonstrated a legislative intent to keep the mandatory limitation period with tolling in the same manner as Michigan courts had

interpreted its predecessor provision, § 500.2832, to require. *See In re Certified Question*, 319 N.W.2d 320 (Mich. 1982). No Limit has not cited any authority in support of its proposition that the suggested six-year statute of limitations for contracts applies in this case. Thus, the limitation period for No Limit to commence legal proceedings against the insurer is one year with tolling.

IV.

Section 500.2833(1)(q) states that "the time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability." There is no dispute that No Limit was ultimately notified by Allstate of the denial of its insurance claims. Two identical letters were written by Allstate in which No Limit was informed of the reasons for its rejection of the claim. The first letter (dated May 13, 2008) was addressed to No Limit's place of business. The second letter (dated May 30, 2008) was forwarded to Dib's residence.

No Limit claims that the store had discontinued its operations prior to May 13th and nobody was available to receive the rejection letter. No Limit's line of reasoning suggests that the tolling period does not expire until the insured party actually receives the insurer's denial of liability. However, Michigan law holds otherwise. The precise question of whether a tolling period is terminated upon the mailing of the notice of denial by the insurer or upon its receipt by the insured was addressed in *Saad v. Citizens Insurance Co. of America*, 576 N.W.2d 438, 440 (Mich. Ct. App. 1998). The appellate court concluded that a formal denial of a claim occurs when the insurer mails the notice of denial - not when the insured receives the notice of denial. *Id.* at 652; *see also Cummings v. State Farm Fire & Cas. Co.*, No. 220844, 2001 WL 865309, at *1 (Mich. Ct. App. July 31, 2001); *Allen v. Mich. Basic Prop. Ins. Co.*, 640 N.W.2d 903, 906 (Mich. Ct. App. 2001).

7

Thus the fact - even if true - that No Limit did not actually receive the May 13th denial letter is irrelevant under Michigan law. Moreover, no other competent evidence has been proffered which mitigates against the acceptance of Allstate's assertion that letters were properly mailed to the insured and its owner on two separate occasions in May of 2008.[2] Allstate's addressing of the letter to this business address was proper in this case and No Limit's arguments to the contrary are unpersuasive.

V.

There is no dispute that the tolling period began on November 8, 2007, when Dib reported the theft from the No Limit enterprise to Allstate. The critical issue, then, is when Allstate mailed its notice of denial to No Limit. In *Allen*, the Michigan Court of Appeals addressed and resolved this precise issue. Pursuant to § 500.2833(1)(q) and in light of *Saad*, the court concluded that, because the defendant was not in possession of its certified mail receipt that would presumably verify the date on which the denial letter was transmitted, the expiration date of the tolling period also could not be determined. This raised a genuine issue of a material fact that caused the Court of Appeals to uphold the trial court's denial of the defendant's motion for summary judgment on the issue of the expiration of the statute of limitations.[3] *Allen*, 640 N.W.2d at 906.

In the case at hand, Allstate has provided evidence of the mailing of the May 30th letter with certified mail receipts which indicate that its correspondence was received by Dib at his home

---

[2] In the exhibits provided by Allstate, the mailing address listed under the insurance policy number 048249450 between No Limit and Allstate is 2071 E. Eight Mile Road, Warren, Michigan. Allstate has also provided an insurance bill for No Limit dated August 28, 2009, in which the same mailing address is listed. There is no evidence or assertion that No Limit had notified Allstate of a change in address.

[3] Though the court ultimately granted the defendant summary judgment, it did so on other grounds and for reasons not pertaining to the mailing of the denial letter.

address on June 2, 2008. Significantly, and as in *Allen*, Allstate has not proffered any evidence that would establish the date on which the May 13th letter was actually mailed.[4] Unlike the latter letter, Allstate provided no certified mail receipt or other evidence establishing the date of mailing of the first letter. Therefore, this Court is unable to determine when the letter of May 13th was mailed.

Allstate claims that Dib admitted in his deposition that Allstate mailed "two denial letters to him, on May 13 and May 30, 2008." (Def.'s Reply Br. in Supp. of Def.'s Mot. for Summ. J. at 3). In support, Allstate points to the following portions of Dib's deposition:

> Q: Have you ever seen Exhibit 8 before?
> A: Yes.
> Q: It's a letter to you; correct?
> A: Yes.
> Q: And Exhibit 9 is another letter to you?
> A: I think they sent me this twice.
> Q: Yes. Did you also see Exhibit 9?
> A: Yes.
> Q: Do you remember getting that letter?
> A: Yes.
> Q: And it's addressed to you at 6211 Kendal?
> A: Yes.
> Q: And that's the correct address?
> A: Uh-huh.
> Q: That's a yes?
> A: Yes.
> Q: And Exhibit 8 is addressed to you at No Limit Clothing at 2071 East Eight

---

[4]This is not to suggest that evidence of the mailing date can, or must, only be shown by certified mail receipts. In *Cummings*, the Michigan Court of Appeals upheld the trial court's use of affidavits in determining when the defendant mailed notice of its denial of the insured's claim causing the tolling period to end. 2001 WL 865309, at *2. Furthermore, in *Nowell v. Titan Insurance Company*, a case dealing with the ten-day notice required for the cancellation of insurance contracts in § 500.3020(1)(b), the court rejected the notion that a service or delivery receipt is required. 648 N.W.2d 157 (Mich. 2002). The court also stated that to be effective under the statute, the written notice must (1) be addressed to the insured at the insured's address last known to the insurer or an authorized agent and (2) be sent with postage fully prepaid. *Id.* at 159 n.6. However, since Allstate has provided no evidence in this case - in the form of affidavits or otherwise - that would indicate when the May 13th letter was actually mailed, an in-depth discussion of the two *Nowell* requirements as they apply to this case is not required.

     Mile; correct?
  A: Yes.
  Q: It's the same letter sent to you at two places; correct?
  A: Yes.

(Dib Dep. 17:18-18:15, Ex. C to Def.'s Mot. for Summ. J.). However, an examination of the deposition transcript indicates that Dib did not acknowledge that Allstate mailed him the letters on the specified dates. Allstate's interpretation of his statements is a mischaracterization of what was actually said. Dib merely admitted to having seen both pieces of correspondence and agreed that copies of these letters had been sent to two different addresses. Nowhere in the deposition transcript does Dib make a statement which indicated when Allstate actually mailed the letters to him. There is also no indication as to the date on which Dib received the May 13th letter.[5]

  The only other supporting evidence that Allstate provided is the affidavit of its investigator, Victoria Hoenigman, who states that "Allstate formally denied No Limit Clothing's claims in our letter to it dated May 13, 2008." (Hoenigman Aff. ¶5, Ex. G to Def.'s Mot. for Summ. J.). Such a statement on its own is insufficient to satisfy Allstate's burden. It makes no mention of when the May 13th letter was actually mailed. Rather, it merely states that No Limit's claims were formally denied in the May 13th letter. The use of the phrase "in our letter to it dated May 13, 2008" seems to serve more of a purpose of identification to differentiate it from the letter dated May 30th rather than to indicate the mailing date. Taken in the light most favorable to No Limit, this statement cannot be construed to mean that the denial letter was mailed on May 13, 2008.

  Allstate has failed to produce evidence sufficient to establish its defense; namely that the

---

[5] The issue of when Dib received the May 13 letter would be relevant because, if Dib had received the letter on or before May 29, 2008, it would be dispositive evidence that it was mailed prior to that date.

limitation period has run on this claim and No Limit is barred from bringing suit. The date on which the May 13th letter was mailed is a material fact that is crucial to the establishment of Allstate's limitation defense. As the moving party, the burden to demonstrate the absence of any genuine issue of a material fact falls on Allstate. In light of the above, Allstate has failed to meet this burden as there is a genuine issue of material fact as to when the May 13th letter was mailed.

VI.

For the reasons that have been set forth above, Allstate's motion for summary judgment is denied.

IT IS SO ORDERED.

Dated:  August 18, 2011              s/Julian Abele Cook, Jr.
         Detroit, Michigan            JULIAN ABELE COOK, JR.
                                      United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 18, 2011.

                                      s/ Kay Doaks
                                      Case Manager