UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NO LIMIT CLOTHING, INC.

          Plaintiff,

v.                                            Case No: 09-13574
                                                 Honorable Julian Abele Cook, Jr

ALLSTATE INSURANCE COMPANY,

          Defendant.

ORDER

In this case, the Plaintiff, No Limit Clothing, Inc. ("No Limit"), complains that the Defendant, Allstate Insurance Company ("Allstate"), breached its obligations under the parties' insurance contract when it wrongfully denied its timely request for the payment of benefits that arose from an alleged loss due to theft.[1]

On August 18, 2011, Allstate's motion for summary judgment was denied when the Court concluded that there remained a genuine issue of a material fact to be resolved in this case. (Order, Aug. 18, 2011, ECF 47). However, following its evaluation of Allstate's subsequently filed motion for reconsideration, the Court granted a summary judgment in its favor. (Order, March 16, 2012, ECF 59).

Currently before the Court is No Limit's motion for relief from the order of March 16,

---

[1] The facts and history of this case, which were described in detail in an earlier order of the Court (ECF 47), are incorporated by reference.

2012.[2]

## I.

In its motion for summary judgment, Allstate had argued that the one-year limitation of actions provision within the parties' insurance contract had expired prior to the commencement of this lawsuit. The Court concluded that, inasmuch as this limitation provision within the parties' insurance contract did not provide for tolling "from the time the insured notifies the insurer of the loss until the insurer formally denies liability" (as required by Mich. Comp. Laws § 500.2833(1)(q)), it was invalid and unenforceable. However, following its examination of the holding in *Randolph v. State Farm Fire & Casualty Co.*, 580 N.W.2d 903 (Mich. Ct. App. 1998), the Court also determined that the statutory limitation period, with tolling, must be read into the policy.

The parties agree that the tolling period began on November 8, 2007 (the date on which the alleged theft occurred and was reported to Allstate). However, the parties sharply disagree as to when the tolling period ended and the limitations period began to run. This lawsuit was filed by No Limit on May 29, 2009. Thus, if the tolling period had ended at any time prior to May 29, 2008, the limitations period would have run and this lawsuit would be time-barred. However, the Court determined that a genuine issue of a material fact remained as to when the tolling period ended because Allstate had not provided evidence of the date on which it mailed the formal notice of its denial of the insurance claim. Specifically, although Allstate maintained that it had sent denial letters to No Limit on May 13th and 29th of 2008, it had not provided any proof of when the first letter had

---

[2]Although this pending motion has been denominated by No Limit as a motion for reconsideration, it relies exclusively upon Federal Rule of Civil Procedure 60 (motion for relief from a judgment or order), rather than on Mich. LR 7(h) (motion for reconsideration).

been sent.

Allstate subsequently submitted a motion for reconsideration, along with proof that its first denial letter was forwarded to the insured by certified and regular mail on May 13, 2008. In filing this motion, Allstate also proffered (1) an affidavit of a claim representative, Victoria Hoenigman, who averred that, based upon her review of the No Limit claim file, she "was able to conclusively determine" that the letter was mailed on May 13th of 2008, and (2) the relevant portion of the claim file, which clearly indicated that the letter was mailed on that date. The affidavit and the claim file each indicated that the denial letter that had been sent by certified mail (but not the one transmitted by regular mail) was returned by the United States Postal Service as being "undeliverable." Because this evidence resolved in Allstate's favor the one remaining genuine issue of a material fact, the Court granted its motion for reconsideration and entered a summary judgment in its favor.

II.

No Limit has cited Fed. R. Civ. P. 60(b)(1) and (6) in support of its present request for relief. These provisions state, in part, as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect; [or]
> > . . .
> > (6) any other reason that justifies relief.

The Sixth Circuit Court of Appeals has opined that "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citations omitted). Thus, a party who seeks relief under Rule 60(b) must establish the ground for its request by presenting clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454

(6th Cir. 2008).

## III.

No Limit argues that the grant of a summary judgment by the Court was erroneous, contending that Allstate's proffered evidence did not establish the absence of a genuine issue of a material fact because (1) Allstate did not produce any certified mail receipt for the May 13th letter; (2) the evidence advanced by Allstate was contradicted by the deposition testimony of Mohammed Dib, who was identified as the owner of No Limit; (3) the correspondence between the parties' counsel demonstrates that no letter had been sent on or around May 13th; and (4) Allstate routinely backdates denial letters. The Court will address each contention in turn.

First, in the absence of any law in Michigan or language within the parties' contract of insurance, there is no requirement that a party produce a certified mail receipt to establish the date of mailing. In a prior order, the Court cited *Cummings v. State Farm Fire & Casualty Co.*, No. 220844, 2001 WL 865309, at *2 (Mich. Ct. App. July 31, 2001), which affirmed the reliance on affidavits by a Michigan trial court when attempting to determine when an insurer had mailed its notice of denial of the insured's claim, which, in turn, would cause the tolling period to end. In *Nowell v. Titan Insurance Co.*, 648 N.W.2d 157 (Mich. 2002) (relating to ten-day notice requirement for cancellation of insurance contracts, Mich. Comp. Laws § 500.3020(1)(b)), the court rejected the argument that a service or delivery receipt is required. Thus, Allstate's failure to provide a certified mail receipt is not dispositive, and, as in *Cummings*, the Court determines once again that Allstate's proffered evidence is sufficient to meet its burden.

Although No Limit has repeatedly argued that "trial by affidavit" is improper, the Federal Rules of Civil Procedure specifically contemplate consideration of affidavits in resolving motions

for summary judgment. Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, *affidavits* or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . . (emphasis added)). Moreover, the affidavit of the Allstate representative was only one piece of evidence, among others, by which the Court determined that there remained no genuine issue of a material fact as to whether the tolling period had extinguished prior to May 29, 2009. In addition to the affidavit, the Court also relied upon (1) the print-out from the No Limit claim file and (2) Dib's admission that he had seen both letters from Allstate, dated May 13th and May 29th, respectively.

The Court now turns to No Limit's second contention; namely, that the Court erred in its interpretation of Dib's deposition testimony. No Limit asserts that the conclusion by the Court (namely, "No Limit has acknowledged that it received the May 13th letter") was erroneous and not supported by the record. In making this argument, No Limit submits that this finding is directly contradicted by the order of August 18, 2011, in which the Court stated:

> [A]n examination of the deposition transcript indicates that Dib did not acknowledge that Allstate mailed him the letters on the specified dates. Allstate's interpretation of his statements is a mischaracterization of what was actually said. Dib merely admitted to having seen both pieces of correspondence and agreed that copies of these letters had been sent to two different addresses. Nowhere in the deposition transcript does Dib make a statement which indicated when Allstate actually mailed the letters to him. There is also no indication as to the date on which Dib received the May 13th letter.

(Order, Aug. 18, 2011, at 10). No Limit either misunderstands or misrepresents the two orders when it claims that they are inconsistent with each other. The August 18th order clearly accepted Allstate's representation of the deposition transcript insofar as it established that Dib had received both letters.

5

However, the Court did not accept Allstate's interpretation of the deposition transcript insofar as it did not establish *when* the two letters were mailed. Nothing in the now-challenged March 16th order says otherwise. On the contrary, the Court held that Allstate's evidence regarding the date on which the first letter was mailed, in combination with Dib's admission that he had received that letter at some unspecified time, was sufficient to establish that the letter had been mailed prior to May 29, 2008.

No Limit next argues that the fact that its counsel was never advised by Allstate that it had sent a letter on May 13th is demonstrable proof that this particular correspondence was not sent. The Court disagrees. The evidence establishes that, after the May 13th letter was returned as undeliverable, Allstate sent a letter to Dib's last known home address on May 29th. No Limit asserts - but fails to provide any supporting evidence - that a copy of this second letter was sent to its counsel. However, even accepting this unsupported allegation as being true, in light of the fact that the May 13th letter had been returned, it would be unsurprising for Allstate to take the extra step of sending a copy of the second letter to No Limit's counsel. No Limit also asserts - but does not provide any evidence to establish - that Allstate had copied No Limit's counsel on other correspondence, and invites the Court to infer that the May 13th letter was never sent based on the purported fact that copies of other letters - but not the May 13th letter - were forwarded to No Limit's counsel. Although No Limit has submitted a letter from its counsel which directed Allstate to make "no further contact . . . directly with our client" and to instead communicate solely through its counsel, it has not submitted any evidence that would suggest that Allstate complied with this request. On the contrary, all of the evidence shows that it continued to send letters directly to No Limit through Dib, and there is no evidence that copies were sent to its counsel. In the absence of

6

any supporting evidence, the Court declines No Limit's invitation to make an unwarranted inference. Even if No Limit did provide evidence that other letters had been forwarded to its counsel, this would not establish that the May 13th letter - which purportedly had not been forwarded - had not been sent to No Limit.

No Limit next argues that Allstate "routinely" backdates its denial letters. As evidence of this contention, it has submitted a denial letter addressed to No Limit's business address which bore the date of April 30, 2008 on the first page and May 2, 2008 on the subsequent pages. It is unclear whether this letter was ever sent or, perhaps, was made available to the opposing counsel during the discovery process. In any event, the Court perceives no basis upon which to conclude that this letter had been backdated, much less to treat it as demonstrating that Allstate has a routine practice of backdating denial letters - or that the alleged practice was implicated with respect to the May 13th letter. The portion of the Allstate claim file that has been made available to the Court establishes that, on some unspecified date on or before May 12, 2008 - possibly April 30th or May 2nd - Hoenigman requested permission to deny No Limit's claim. On May 12th, a first party analyst reviewed the file and agreed with the recommendation to deny the claim. It is certainly possible that the letter dated April 30th was prepared by Hoenigman on that date, but was not sent pending review by the first party analyst. Nevertheless, and in the face of the evidence submitted by Allstate, this conclusory allegation of back-dating does not create a genuine issue of a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party").

After reviewing all of the claimed errors, the Court concludes that No Limit has not pointed to any "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "any other

7

reason that justifies relief," Fed. R. Civ. P. 60(b)(2) - much less established such grounds for its request by presenting clear and convincing evidence, *Info-Hold*, 538 F.3d at 454. Therefore, its motion is denied.

IV.

For the reasons that have been set forth above, No Limit's motion (ECF 61) for relief from of the order of March 16, 2008 (ECF 59) is denied.

IT IS SO ORDERED.

Date: August 3, 2012                                   s/Julian Abele Cook, Jr.
                                                       JULIAN ABELE COOK, JR.
                                                       U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 3, 2012.

                                                       s/ Kay Doaks
                                                       Case Manager