UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NO LIMIT CLOTHING, INC.,

        Plaintiff,

v.

                                                Case No. 09-13574

ALLSTATE INSURANCE COMPANY,        Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

In this lawsuit, the Plaintiffs, No Limit Clothing, Inc. ("No Limit"), Leon Brothers, and Patricia Hart, had jointly accused the Defendant, Allstate Insurance Company ("Allstate"), of having wrongfully denied their individual claims to be reimbursed pursuant to their respective fire and theft insurance policies.[1]

Currently before the Court is Brothers' motion (ECF 62) for reconsideration of a prior Court order (Order, Mar. 16, 2012, ECF 58) which denied Brothers' motion (ECF 54) for relief from a still-earlier order (Order, Jan. 6, 2011, ECF 42) which, in turn, dismissed Brothers as misjoined pursuant to Fed. R. Civ. P. 20(a)(1) and 21. Because Brothers' claims of error rest upon misrepresentations of the prior holdings of this Court, and because his arguments otherwise lack merit, his motion will be denied.

---

[1]The Plaintiffs submitted their claims on the basis of the following events: (1) *Hart*: a fire at a renter-occupied dwelling that she owned on September 2, 2008; (2) *Brothers*: two fires at his residence on April 28, 2008; and (3) *No Limit*: a burglary at its business establishment on November 8, 2007.

1

I.

In its January 2011 order, the Court noted that the Plaintiffs had "failed to describe how Allstate's distinct denials of their separate claims under the terms of different insurance contracts for losses that were sustained during separate instances constitute the same transaction or a series of transactions," as required by Fed. R. Civ. P. 20(a)(1). As a result, the Court concluded that the Plaintiffs had been misjoined and dismissed Brothers and Hart without prejudice pursuant to Fed. R. Civ. P. 21. The Court also noted that a dismissal of the misjoined parties - rather than a severance of the parties' respective claims - was the more appropriate remedy for two reasons. First, the Court may not have subject-matter jurisdiction over the individual claims of Hart and Brothers based upon their possible inability to fully satisfy the amount-in-controversy requirement. Second, an order of dismissal would not cause a "gratuitous harm" to any of these Plaintiffs, *Harris v. Gerth* (*Harris I*), No. 08-12374, 2008 WL 5424134, at *5 (E.D. Mich. Dec. 30, 2008), because the limitations period was tolled during the pendency of this litigation, Mich. Comp. Laws § 600.5856; *see also Harris v. Gerth* (*Harris II*), No. 08-12374, 2009 WL 368011 (E.D. Mich. Feb. 11, 2009). The Court noted that if the Plaintiffs' claims were not precluded by the applicable limitations provision when the complaint was filed, a re-filed complaint would also not be time-barred. However, the Court expressly cautioned that "any time that remained under the statute of limitations when the complaint was filed still remains - but begins to run - as of the date of this order." Until the filing of Brothers' motion nearly one year later, none of the parties registered an appeal or sought to obtain any reconsideration of this decision.

Hart and Brothers subsequently joined in the filing of a second lawsuit in the Wayne County Circuit Court of Michigan (entitled *Brothers v. Allstate Indemnity Co.*, Case No. 11-13191) which

was also removed by Allstate to this Court on the basis of its diversity jurisdiction. 18 U.S.C. §§ 1332, 1441. Noting that "these parties were not properly joined before, and nothing has changed that would make them properly joined now," the Court once again concluded that the parties had not satisfied the minimum requirements for joinder under Fed. R. Civ. P. 20. Turning to the appropriate remedy, the Court determined that "it makes little sense for the Court to sever the claims, thereby creating two separate lawsuits, where - as the parties appear to agree - the Court could not exercise jurisdiction over Brothers' claim because it does not meet the amount-in-controversy requirement." Therefore, the Court dismissed Brothers as a party to this litigation, and noted, once again, that a dismissal would not result in gratuitous harm because the remaining time, if any, in the limitations period was the same as when the second lawsuit was initiated.

In January 2012, citing to Fed. R. Civ. P. 60(b)(1) and (6), Brothers filed a motion for relief from January 2011 order that dismissed him as a litigant in the first action. In that motion, Brothers mischaracterized the two earlier dismissals of him as a party-litigant as dismissals for lack of subject-matter jurisdiction, and argued that, pursuant to 28 U.S.C. § 1447(c), the proper course of action upon determining that subject-matter jurisdiction is lacking in a removed case is to remand the controversy to a state court. However, in its March 2012 order, the Court disagreed with his reasoning for at least two reasons, which will be explained in greater detail below: first, he was not dismissed from these cases for lack of subject-matter jurisdiction ; and second, 28 U.S.C. § 1447(c) was not implicated because the Court never determined that it lacked subject-matter jurisdiction in either case. The Court also noted that Brothers' objection - nearly a year after the fact - appeared to be motivated by his failure to file the second lawsuit within the applicable limitations period, notwithstanding the express warning from the Court.

3

Brothers has now filed a motion for reconsideration of the March 2012 order which denied his motion for relief from the January 2011 order.

II.

The Local Rules of the Eastern District of Michigan require a party who seeks reconsideration of an order to (1) establish the existence of "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled;" and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Furthermore, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

III.

Brothers submits that the Court committed palpable error in its March 2012 order by (1) considering only misjoinder, while ignoring lack of subject matter jurisdiction, as the basis for dismissing Brothers in the January 2011 order; and (2) finding, as a matter of law, that the statute of limitations had expired before the filing of the second action. Both arguments rest on misunderstandings or misrepresentations of the Court's prior orders.

First, Brothers contends that the Court "completely ignor[ed] the $75,000 amount in controversy element" and the failure of Allstate's notice of removal to establish that the exercise of diversity jurisdiction was proper, and, in so doing, committed palpable error in ruling that it had never determined that it lacked subject matter jurisdiction in either case. However, this is a misstatement of fact and law. As the Court has previously stated, Allstate properly removed both iterations of this case to this Court on the basis of diversity jurisdiction because *at least one*

4

Plaintiff individually satisfied the amount in controversy requirement. To the extent that Brothers intends to argue that *each* properly-joined plaintiff must individually satisfy this threshold, he is clearly wrong on the law. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) (if at least one plaintiff satisfies the amount in controversy requirement, federal courts may exercise supplemental jurisdiction over sub-$75,000 claims brought by additional plaintiffs so long as claims arise from same case or controversy and all other diversity jurisdiction requisites are satisfied); *see also* Order, Jan. 6, 2011, at 9 n.6 ("In fact, one of the purposes of Rule 21 is to allow a court to cure any jurisdictional defects and continue with the claims or the parties over which jurisdiction is not in dispute. . . . Thus, the possibility that the claim of one of the improperly joined Plaintiffs will not independently satisfy the amount-in-controversy requirement does not divest this Court of jurisdiction over the entire action."). And to the extent that he means to argue that the Court failed to assure itself that at least one Plaintiff had satisfied the amount in controversy threshold, he is clearly wrong on the facts. (*See* Order, Jan. 6, 2011, at 10 ("On the basis of the proof of loss statements submitted by Allstate, it appears that only No Limit had submitted a claim to Allstate in excess of $75,000.00. . . . Although the Plaintiffs seek not only payment of their claims but also consequential damages, the amount of any such damages is, at this point, unascertainable. Whereas only No Limit has indisputably satisfied the amount-in-controversy requirement, the Court determines that No Limit is authorized to continue herein as the sole Plaintiff under this case number.")).

It appears that Brothers also argues that (1) he was dismissed from the first and second actions on the basis of two independently-sufficient grounds: to wit, misjoinder and lack of subject matter jurisdiction, and (2) the Court erred in only considering the former, and ignoring the latter,

5

ground in its March 2012 order. This, too, is a misrepresentation of the Court's prior orders. In the January 2011 order, the Court made clear that Brothers was being dismissed as misjoined pursuant to Rules 20(a)(1) and 21. It was also clear that no ruling one way or the other was rendered with respect to whether the Court *would have* jurisdiction over Brothers' independent claim *if* - contrary to fact - the Court, in its exercise of discretion, had opted to sever the claims of the three Plaintiffs (thereby creating three fully independent federal cases) instead of - as it did in fact - retaining one Plaintiff and dismissing the remaining two Plaintiffs without prejudice. As the Court explained in the March 2012 order:

> [Brothers] was not dismissed from these cases for lack of subject-matter jurisdiction. Rather, in each instance, he was dismissed because he had been improperly joined pursuant to Fed. R. Civ. P. 20 and 21. In rendering its decision, the Court pointed to the *potential* lack of subject-matter jurisdiction over Brothers' allegations as a basis for (a) dismissing him rather than severing his claims, and (b) having selected the other Plaintiffs - as to whom there was no jurisdictional dispute - to remain in the litigation.

(Order, Mar. 16, 2012, at 4). Brothers' repeated attempts to recast the procedural history of this case are misguided and without merit.

Brothers' second claim of error - like the first - rests upon a misrepresentation of the facts as well as an apparent misunderstanding of the law. Here, he takes issue with the purported holding by the Court that the one-year limitations period had expired before the filing of the second lawsuit. The first problem with this argument is that the Court did not render such as holding because there was no need to address the issue. Brothers was dismissed from the second case - as from the first - because he was misjoined. (*See* Case No. 11-13191, Order, Jan. 4, 2012, ECF 15, at 3 ("[T]hese parties were not properly joined before, and nothing has changed that would make them properly joined now."); *id.* at 5 ("For the reasons that have been set forth above, Brothers is dismissed

without prejudice from this lawsuit as he has been improperly joined as a Plaintiff. Fed. R. Civ. P. 20 and 21.")). In the January order in the second case, the Court acknowledged the dispute among the parties as to whether the second action was filed within the limitations period, but wrote that:

> this issue is immaterial to the determination of the proper misjoinder remedy here. The limitations period was tolled upon the filing of this iteration of the lawsuit, Mich. Comp. Laws § 600.5856; *see also Harris v. Gerth* (*Harris II*), No. 08-12374, 2009 WL 368011 (E.D. Mich. Feb. 11, 2009), and the time remaining, if any, on the limitations clock begins to run on the date of this order. Thus, if the suit was not barred when filed, Brothers will not be barred from re-filing his suit in the state court so long as he does so prior to the expiration of the limitations period. On the other hand, if the suit was barred when filed, it will, of course, be barred if he re-files it in state court. In either case, dismissal of his claim will not result in "gratuitous harm," as he remains in the same position he was in at the time of the commencement of this suit.

(*Id.* at 4).

In its March 2012 order in the first case, the Court noted that Brothers' *apparent* failure to file the second suit within the limitations period seemed to be the motivation for his attempt - nearly one year after the fact - to undo the January 2011 order which dismissed him from this case. On this issue, the Court pointed to Allstate's contention that the second suit had not been timely filed and noted that Brothers did not dispute that claim. Operating from the assumption that these representations were correct, the Court noted that, "[h]aving been dismissed as a misjoined litigant from the second suit, and fearing defeat on limitations grounds if he files a third suit, he now seeks - after the expiration of nearly one year -  relief from the order which dismissed him from the first lawsuit and to somehow have the Court 'un-dismiss' him, sever his claim, and remand his newly-created case to a state court as a part of the initial proceeding." (Order, Mar. 16, 2012, at 5). Thus, although in this order, unlike the January order in the second action, the Court did not explicitly state that the issue of the limitations period need not be resolved, the context of the order makes

7

clear that the Court had referred to the apparent expiration of the limitations period and Brothers' potential inability to re-file his suit in the state court to explain the seeming motivation for his belated attempt to get himself reinstated as a party in the first action. The Court did not rule, at that time or any other time, that his second action was time-barred as a matter of law.

This brings us to the second problem with Brothers' argument: whether the second action, or a potential re-filed third action, would be deemed time-barred by the appropriate forum is simply not an issue before this Court. This Court did not rule that his action - in any of its actual or potential iterations - was or was not barred in the appropriate court. In light of Brothers' repeated claims that this Court lacked subject matter jurisdiction because his claim did not meet the amount in controversy threshold, it would appear that the appropriate court is a state - not a federal - tribunal. Thus, the limitations issue is a matter for the state court to resolve. Brothers was dismissed on two occasions by this Court because he was misjoined in the first and second iteration of this suit. He was warned twice by this Court to be mindful of the relevant limitations period if he chose to re-file his case in an appropriate forum. Insofar as this federal tribunal is concerned, that is the end of the matter. Although Brothers has advanced various arguments are to why his suit is not time-barred, these are all arguments that should be directed to the court that is faced with the limitations issue. In the present posture of this case, that is not this Court.[2]

Because Brothers has failed to show that either order was affected by any claimed error - much less a palpable defect, the correction of which would result in a different disposition of the

---

[2] If Brothers files a third iteration of this action with himself as the sole Plaintiff, and if that action arrives in this tribunal (either because he files it here or because Allstate removes it here), then the Court would first have to determine whether his claim independently satisfied the amount in controversy requirement. If that question is answered in the affirmative, only then would this Court properly have before it the question of whether his suit was time-barred.

case, E.D. Mich. LR 7.1(h)(3) - his motion for reconsideration must be, and is, denied.

IV.

For the reasons that have been set forth above, the Court denies Brothers' motion for reconsideration. (ECF 62).

IT IS SO ORDERED.

Date: August 3, 2012				s/Julian Abele Cook, Jr.
						JULIAN ABELE COOK, JR.
						U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 3, 2012.

						s/ Kay Doaks
						Case Manager